# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSEPH E. KMATZ, et al.,

                  **Plaintiffs,**

-vs-                                            **Case No.  1-:04-CV-436**

METROPOLITAN LIFE INSURANCE CO,
et al.,

                                       **Judge Thomas M. Rose**

                  **Defendants.**

---

**ENTRY AND ORDER GRANTING IN PART AND OVERRULING IN PART DEFENDANTS ABX, AIRBORNE AND METLIFE'S MOTION TO DISMISS (Doc. #11), OVERRULING DEFENDANTS ABX, AIRBORNE AND METLIFE'S MOTION FOR PROTECTIVE ORDER (Doc. #12) AND OVERRULING DEFENDANT GAINES' MOTION TO DISMISS (Doc. #18)**

---

This action arises from the alleged improper payment of life insurance benefits to Defendant Jennifer Gaines ("Gaines") by Defendant Metropolitan Life Insurance Company ("MetLife").[1] The life insurance benefits were paid on a policy insuring the life of Joseph M. Kmatz (the "Decedent"). The benefits at issue were paid under an employee benefit plan sponsored by Defendant ABX Air, Inc. ("ABX"), the Decedent's employer at the time of his death,  and by Airborne Freight Corporation ("Airborne").

The First Amended Complaint ("FAC") that is now before the Court was brought by Plaintiffs Joseph E. Kmatz and Connie A. Kmatz who are the parents of the Decedent. Joseph E. Kmatz is the duly appointed administrator of the Decedent's estate.

---

[1]Because this Entry and Order addresses motions to dismiss, the alleged facts are taken from Plaintiffs' Complaint.

The Decedent married Gaines on November 13, 1999, and Gaines was designated the beneficiary of the life insurance policy issued by MetLife through ABX. The couple dissolved their marriage on July 27, 2000. In August of 2000, the Decedent allegedly filed the appropriate paperwork with ABX to remove Gaines as a beneficiary of his 401k plan, his profit sharing plan and his health insurance. The Plaintiffs believe that the Decedent also either intended to or did, in fact, remove Gaines as the beneficiary on his life insurance policy. The Decedent died intestate on August 24, 2003 and MetLife paid the proceeds of the life insurance policy to Gaines on November 7, 2003.

The FAC includes five causes of action. The First Cause of Action is against ABX, Airborne and MetLife for breach of fiduciary duty pursuant to 28 U.S.C. §§ 1004 and 1105. The Second Cause of Action is against MetLife for breach of contract and the Third Cause of Action is also against MetLife for payment of insurance proceeds in contravention of Ohio law. Plaintiffs' Fourth Cause of Action is against Gaines for conversion and the Fifth Cause of Action is against Gaines for unjust enrichment.

Now before the Court are a Motion To Dismiss by ABX, Airborne and Metlife (Doc. #11), a Motion To Dismiss by Gaines (doc. #18) and a Motion for Protective Order Prohibiting Discovery by ABX, Airborne and MetLife (doc. #12). The Motions To Dismiss are based upon Fed.R.Civ.P. 12(b)(6).

All three Motions are fully briefed and now ripe for decision with note that ABX, Airborne and MetLife's Replies to their Motions (docs. #24, 25) were filed out of time without leave of Court to do so. The standard of review for motions to dismiss will first be set forth

followed by an analysis of the Motions To Dismiss and an analysis of the Motion for a

Protective Order.

## MOTION TO DISMISS STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether,

as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the

complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993)(citing *Nishiyama v.*

*Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)).  Put another way, "the purpose

of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the

claim for relief; the motion is not a procedure for resolving a contest between the parties about

the facts or the substantive merits of the plaintiff's case."  5B Charles Alan Wright and Arthur R.

Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2004).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) is a stringent one. "[A] complaint

should not be dismissed for failure to state a claim on which relief can be granted unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811

(1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In addition, for purposes of the

motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff

and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must

contain either direct or inferential allegations respecting all the material elements to sustain a

recovery under *some* viable legal theory." *Columbia Natural Resources, Inc. v. Tatum*, 58 F. 3d

1101 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996).  When reviewing the complaint, the

Court "need not accept as true legal conclusions or unwarranted factual inferences*." Morgan v. Church's Fried Chicken,* 829 F. 2d 10, 12 (6th Cir. 1987).  Put another way, bare assertions of legal conclusions are not sufficient.  *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996).  It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss.  *Id.*; see also Wright & Miller, *supra*, §1357.

## MOTION TO DISMISS BY ABX, AIRBORNE AND METLIFE

ABX, Airborne and MetLife seek dismissal of Plaintiffs' First, Second and Third Causes of Action asserting that Plaintiffs have no claim for breach of fiduciary duty and that the breach-of-contract and Ohio-law claims are preempted by the Employee Retirement Income Security Act ("ERISA"). The Plaintiffs respond that they are seeking claims for benefits under two sections of the ERISA,  29 U.S.C. §1132(a)(1)(B) and 29 U.S.C. §1132(a)(3). Also, the Plaintiffs agree that their Third Cause of Action is preempted by ERISA so it need not be further addressed.

### First Cause of Action for Breach of Fiduciary Duty

In their First Cause of Action, the Plaintiffs alleged that ABX, Airborne and MetLife breached their fiduciary duties under 29 U.S.C. §§1104 and 1105 by failing to remove Gaines as a beneficiary on Decedent's life insurance policy and wrongfully paid the proceeds of the life insurance policy to Gaines. ABX, Airborne and MetLife argue that the Plaintiffs have no such claim because they have an unasserted claim for benefits under ERISA, 29 U.S.C. §1132(a)(1)(B), instead of a breach-of-fiduciary-duty claim.

Section 1132(a)(1)(B) provides that an action may be brought to recover benefits due under the terms of the plan, to enforce rights under the terms of the plan or to clarify the rights to

future benefits under the terms of the plan. 29 U.S.C. §1132(a)(1)(B). Section 1132(a)(3)

provides that a civil action may be brought "by a participant, beneficiary or fiduciary…(B) to

obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any

provisions of this subchapter or the terms of the plan…" 29 U.S.C. §1132(a)(3).

The Plaintiffs agree with ABX, Airborne and MetLife that their First Cause of Action is

an ERISA claim but argue that it is an ERISA claim under Section 1132(a)(3) and not under

Section 1132(a)(1)(B). Section 1132(a)(3) operates as a safety net offering appropriate equitable

relief for injuries caused by violations that ERISA does not elsewhere adequately remedy. *Varity*

*Corporation v. Howe*, 516 U.S. 489, 512 (1996). However, Section 1132(a)(1)(B) "specifically

provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan

documents and the payment of claims." *Id.*

Plaintiffs' First Cause of Action alleges that ABX, Airborne and MetLife breached their

fiduciary duties by failing to remove Gaines as a beneficiary on Decedent's life insurance policy

by wrongfully paying out life insurance benefits to Gaines in contravention of the life insurance

policy and by not interpleading the life insurance benefits into Court. (FAC ¶¶25, 26.) This is a

claim to recover benefits due under the life insurance policy. It is, therefore, addressed by

ERISA, 29 U.S.C. §1132(a)(1)(B).

However, Plaintiffs' First Cause of Action claims a breach of fiduciary duty and not an

ERISA violation. Since the First Cause of Action is not pled as an ERISA claim, ABX, Airborne

and MetLife wish to have it dismissed.

Yet, a claim which could be raised under Section 1132(a)(1)(B) but which is actually

stated in the complaint as a state-law claim is completely preempted by ERISA and actually

states a federal claim. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 66-67 (1987). The

question then becomes whether a state law-claim re-characterized as an ERISA claim must be

dismissed in federal court because the complaint states only a state-law claim on its face.

This Court has not found where the Sixth Circuit has addressed this question directly nor

have any of the Parties in this case identified Sixth Circuit law on this issue. However, this Court

has previously addressed this very issue. This Court has found, based upon a detailed analysis,

that dismissal would be inappropriate and that the state-law claim should be adjudicated as an

ERISA claim. *Ackerman v. Fortis Benefits Insurance Co.*, 254 F.Supp.2d 792, 813 (S.D. Ohio

2003). This Court's previous reasoning and conclusion is adopted for purposes of this analysis

and Plaintiffs' state-law breach-of-fiduciary-duty claim will be adjudicated as an ERISA claim.

The analysis turns to Plaintiffs' Second Cause of Action.

<u>Second Cause of Action for Breach of Contract</u>

Plaintiffs' Second Cause of Action is against MetLife for breach of contract. Plaintiffs

allege that MetLife breached the contract of insurance by paying the insurance proceeds to

Gaines. (FAC ¶31.) MetLife argues that this state-law claim is preempted by ERISA. The

Plaintiffs agree by responding that federal courts interpret a breach-of-contract claim as a claim

for ERISA benefits.

The Supreme Court has recognized that, "virtually all state law claims relating to an

employee benefit plan are preempted by ERISA." *Cromwell v. Equicor-Equitable HCA Corp.,*

944 F.2d 1272, 1276 (6th Cir. 1991), *cert. dismissed*, 505 U.S. 1233 (1992). Further, it is not the

label that the plaintiff puts on the claim which controls. *Id.* It is whether the complaint seeks

recovery of plan benefits that controls. *Id.* Finally, the Supreme Court has specifically held that

breach of contract claims arising out of a failure to provide benefits under an insurance contract is preempted by ERISA. *Id.* (citing *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 47 (1987)).

Plaintiffs' Second Cause of Action is a state-law breach-of-contract action for failure to provide benefits and is, therefore, preempted by ERISA. As a result, based upon the reasoning set forth above, it will be adjudicated as an ERISA claim.

## Conclusion

Plaintiffs' First and Second Causes of Action are not ERISA claims on their face but both are preempted by ERISA. Also, as this Court has previously found, dismissal would be inappropriate and these state-law claims should be adjudicated as ERISA claims. Further, since they are both in essence claims for the same benefit, the proceeds of Decedent's life insurance policy, they will be adjudicated as one ERISA claim. Finally, both Parties agree that Plaintiffs' Third Cause of Action for payment of insurance proceeds in contravention of Ohio law is not a claim upon which relief may be granted. Therefore, the Motion To Dismiss by ABX, Airborne and MetLife is GRANTED in part and OVERRULED in part. Plaintiffs' ERISA claim against ABX, Airborne and MetLife remains to be adjudicated and Plaintiffs' Third Cause of Action for payment of insurance proceeds in contravention of Ohio law is DISMISSED.

## MOTION TO DISMISS BY GAINES

Gaines seeks dismissal of Plaintiffs' Fourth and Fifth Causes of Action asserting that these Causes of Action are preempted by ERISA and that claims for monetary damages are disallowed by ERISA. The Plaintiffs do not dispute that their claims against Gaines are preempted by ERISA. However Plaintiffs argue that their Fourth and Fifth Causes of Action are

federal common law claims regarding who is the proper beneficiary to a life insurance policy and, therefore, are claims upon which relief may be granted.

Plaintiffs' claims against Gaines are essentially for the life insurance proceeds that she was paid by MetLife. The Fourth Cause of Action is a conversion claim brought by parties who allege that they are the true beneficiary of a life insurance policy against the party to whom the proceeds of the life insurance policy were paid by the insurance company. The Fifth Cause of Action is an unjust enrichment claim involving the same parties as the conversion claim. Both Causes of Action seek $128,000, the amount of the proceeds of the life insurance policy.

The arguments made by the Parties are essentially the same for both Causes of Action so the two Causes of Action will be addressed together. Further, although the Parties agree that both Causes of Action are preempted by ERISA, this is not the case.

ERISA "comprehensively" regulates employee welfare benefit plans that provide benefits in the event of sickness, disability or death. *Pilot Life*, 481 U.S. at 44. Further, the reach of ERISA is broad in that ERISA's preemption provisions are "deliberately expansive" and designed to establish welfare plan regulation as "exclusively a federal concern." *Id.* at 45-46. The question here is whether ERISA reach the conversion and unjust enrichment claims set forth in Plaintiffs' Fourth and Fifth Causes of Action.

ERISA Defendants

ERISA provides for actions against alleged plan participants and beneficiaries from fiduciaries and plan administrators but does not provide for actions against third parties. ERISA is intended by Congress to,

> "protect… participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial

information with respect thereto, by establishing standards of conduct,
responsibility, and obligation for fiduciaries of employee benefit plans, and by
providing for appropriate remedies, sanctions, and ready access to the Federal
courts."

*Id.* at 44 (quoting 29 U.S.C. §1001(b).

The cases cited by Gaines and other cases where courts have found common law claims

to be preempted by ERISA are all cases wherein the common law claims were brought against a

plan administrator or fiduciary and not cases where the common law claims were brought against

a third party.[2] On the other hand, common law claims that are not against an ERISA fiduciary or

plan administrator have not been preempted.[3] Plaintiffs' Fourth and Fifth Causes of Action are

against a third party and not against a fiduciary or plan administrator and are not, therefore,

ERISA claims.

## ERISA Remedies

An analysis of the remedies sought by the Plaintiffs in their Fourth and Fifth Causes of

Action also supports a finding that Plaintiffs' Fourth and Fifth Causes of Action are not ERISA

claims. Specific language found in ERISA indicates that ERISA supercedes any and all state

---

[2]*See, e. g. Pilot Life*, 481 U.S. at 41 (holding that common law cause of action against plan administrator for improperly processing of a claim is preempted); *Weiner v. Klais and Company, Inc.*, 108 F.3d 86, 92 (6th Cir. 1997) (common law unjust enrichment claim against ERISA plan administrator is preempted by ERISA); *Cromwell v. Equicor-Equitable HCA Corp.,* 944 F.2d 1272, 1275 (6th Cir. 1991)(health care provider's common law claims for breach of contract, promissory estoppel, negligence and breach of good faith against ERISA plan administrator are preempted by ERISA); *Daniel v. Eaton Corporation*, 839 F.2d 263, 266 (6th Cir. 1988) (common law claims against plan administrator for breach-of-contract and promissory estoppel are preempted), *cert. denied*, 488 U.S. 826 (1988).

[3]*See, e.g., Peacock v. Thomas*, 516 U.S. 349 (1996) (ERISA does not provide for imposing liability for an existing ERISA judgment against a third party); *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 678-79 (6th Cir. 2000) (ERISA does not preempt the imposition of a constructive trust on benefits received from ERISA plan); *Cromwell*, 944 F.2d at 1278 (only participants or beneficiaries of an ERISA plan have standing to sue under ERISA); *Daniel*, 839 F.2d at 266 (a party who is not a plan administrator is not a proper defendant in an ERISA action); *Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561, 576 (2nd Cir. 1995)(action to recover on surety bond after employer defaulted on ERISA plan obligation is not preempted by ERISA since a surety is not an employer as envisioned by ERISA).

laws insofar as they relate to an employee benefit plan. *Ramsey v. Formica Corp.*, 398 F.3d 421, 424 (6th Cir. 2005), *cert. denied*, 2005 WL 2413870 (2005). The Courts have interpreted this and other ERISA language to mean that virtually all state law claims "relating" to an employee benefit plan are preempted by ERISA. *Id.* Further, to determine whether claims "relate" to an ERISA plan, the kind of relief requested and its relation to the plan is considered. *Id.* When claims do not "relate" to an ERISA plan, they are not ERISA claims.[4]

The relief requested in Plaintiffs' Fourth and Fifth Causes of Action is not provided in either of the two kinds of relief generally provided by ERISA to private civil claimants. The first type of relief provided by ERISA is to recover benefits due under the terms of the plan, to enforce rights under the terms of the plan or to clarify rights to future benefits under the plan. 29 U.S.C. §1132(a)(1)(B). In this case, Plaintiffs' Fourth and Fifth Causes of Action are not to recover benefits due under the plan or to enforce rights under the terms of the plan because this relief is properly sought from the plain administrator and, in fact, is the subject of Plaintiffs' Causes of Action against the plan fiduciaries and plan administrators. Plaintiffs' Fourth and Fifth Causes of Action are also not to clarify rights to future benefits.

The second type of relief provided by ERISA is to enjoin any act or practice which violates any ERISA provision or to obtain other appropriate equitable relief. 29 U.S.C.

---

[4]*Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204, 209 (2002) (holding that courts are reluctant to tamper with ERISA's enforcement scheme by extending remedies not specifically authorized); *Romney v. Lin*, 105 F.3d 806, 809 (2nd Cir. 1997)(preemption requires that the state claim be within ERISA civil enforcement provisions), *cert. denied*, 522 U.S. 906 (1997); *Garren v. John Hancock Mutual Life Insurance Co.*, 114 F.3d 186 (11th Cir. 1997) (the proper focus is not on the relationship between the parties but on the damages available); *Pilot Life*, 481 U.S. at 54 (the ERISA civil enforcement provisions are "strong evidence" that Congress did not intend to authorize other remedies).

§1132(a)(3). The Plaintiffs do not seek to enjoin any act in their Fourth and Fifth Causes of Action so the analysis turns on whether the Plaintiffs seek "appropriate equitable relief."

The Supreme Court has interpreted the phrase "appropriate equitable relief" narrowly. *Ramsey*, 398 F.3d at 425. Equitable relief is limited to those categories of relief that were typically available in equity which specifically excludes causes of action for monetary damages. *Id.*(holding that legal relief is not available under 29 U.S.C. §1132(a)(3)); *Great-West Life*, 534 U.S. at 713 (holding that a claim for money due is an action at law). In this case, Plaintiffs' Fourth and Fifth Causes of Action are for monetary damages in the specific amount of $128,000. Therefore, the second type of relief, the "other appropriate equitable relief," also does not provide a remedy for Plaintiffs' Fourth and Fifth Causes of Action.

Conclusion

Plaintiffs' claims against Gaines are not governed by ERISA. Gaines is not an appropriate ERISA defendant and neither of the two types of relief provided by ERISA provide a remedy for Plaintiffs' Fourth and Fifth Causes of Action against Gaines. As a result, Plaintiffs' Fourth and Fifth Causes of Action are not preempted by ERISA. Therefore, Gaines' Motion To Dismiss Plaintiffs' Fourth and Fifth Causes of Action is OVERRULED.

**MOTION FOR PROTECTIVE ORDER BY ABX, AIRBORNE AND METLIFE**

ABX, Airborne and MetLife seek an order prohibiting discovery because Plaintiffs' claims against them are preempted by ERISA and are to be decided based only upon the administrative record. The Plaintiffs respond that discovery should not be limited because they have alleged a due process failure and because federal common law is used to determine if an ERISA plan participant has changed his or her beneficiary on a life insurance policy.

As determined hereinbefore, the Plaintiffs have made an ERISA claim alleging an entitlement to benefits based upon the fiduciary's failure to change the Decedent's beneficiary on his life insurance policy. The issue then becomes whether, because of the claim they have brought, Plaintiffs are entitled to discovery outside the administrative record.

A decision on an ERISA claim regarding the denial of benefits is generally limited to a review of the administrative record. *Schey v. Unum Life Insurance Company of North America*, 145 F.Supp.2d 919, 921 (N.D. Ohio 2001). Based upon this procedure, discovery is generally not permitted on ERISA claims regarding the denial of benefits. However, the Sixth Circuit has recognized that some discovery of evidence outside the administrative record may be appropriate. *Id.* (citing *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 618 (6th Cir. 1998)).

The district court may consider evidence outside the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on the part of the plan administrator. *Id.* Therefore, discovery, if permitted, must be limited to such procedural challenges. *Id.*

In this case, the Plaintiffs are making a procedural challenge to the plan administrator's decision to award the benefits of the life insurance policy to Gaines. Specifically, the Plaintiffs allege that the ABX employee benefit manual expressly states that if the life insurance beneficiary is not named in a change of beneficiary form, then the life insurance proceeds are paid out to persons in a certain priority and that this alleged policy was not followed. (FAC ¶¶

16-17.) The Plaintiffs also allege that the Decedent substantially complied with the plan documents to change his beneficiaries and the beneficiaries were not changed. (FAC ¶ 14, 15.)

Because the Plaintiffs have made a procedural challenge to the plan administrator's decision, they are entitled to limited discovery regarding their procedural challenge on their ERISA claim, the specifics of which are identified above. ABX, Airborne and MetLife's Motion for Protective Order is OVERRULED.

**SUMMARY**

Plaintiffs' First and Second Causes of Action are not ERISA claims on their face but both are preempted by ERISA and will be adjudicated as one ERISA claim. Plaintiffs' Third Cause of Action for payment of insurance proceeds in contravention of Ohio law is not a claim upon which relief may be granted. Therefore, the Motion To Dismiss by ABX, Airborne and MetLife is GRANTED in part and OVERRULED in part. Plaintiffs' ERISA claim against ABX, Airborne and MetLife remains to be adjudicated.

In addition, Plaintiffs are entitled to limited discovery regarding their procedural challenge to the plan administrator's decision to award the life insurance proceeds to Gaines. Therefore, ABX, Airborne and MetLife's Motion for Protective Order is OVERRULED to the extent that Plaintiffs are granted the aforementioned limited discovery.

Finally, Plaintiffs' Fourth and Fifth Causes of Action against Gaines are not ERISA claims and are not preempted by ERISA. Therefore, Gaines' Motion To Dismiss those claims is OVERRULED. Plaintiffs' ERISA claim against ABX, Airborne and MetLife and Plaintiffs' conversion and unjust enrichment claims against Gaines remain to be adjudicated.

**DONE** and **ORDERED** in Dayton, Ohio, this Twentieth day of October, 2005.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record